## GRAVES v. RAY.

No. 8155—Opinion Filed July 8, 1919.

(Syllabus by the Court.)

**Bills and Notes—Judgment — Pleadings— Evidence—Sufficiency.**

Record examined, and held, that neither the allegations of the pleadings nor the evidence adduced at the trial are sufficient to support the judgment rendered against the plaintiff in error, Graves.

Error from County Court, Beaver County.

Action by T. J. Ray against Thomas Graves and another. Judgment in justice court for plaintiff, and defendant Graves appealed to the county court, and from a verdict therein for plaintiff, Graves brings error. Reversed and remanded, with direction to grant new trial as to defendant Graves.

Dickson & Dickson and Gray & McVay, for plaintiff in error.

Claude T. Smith, for defendant in error.

KANE, J. This action was commenced by the defendant in error against the plaintiff in error and one John T. Cook before a justice of the peace. The bill of particulars was in words and figures as follows:

"T. J. Ray, Plaintiff, v. John T. Cook and Thomas Graves, Defendants. Bill of Particulars.

"Comes now T. J. Ray, plaintiff and says and deposes on his oath:

"That on the 2d day of February, 1914, the defendant John T. Cook made, executed, and delivered his note of $60. Said note was se-cured by a mortgage on wheat crop, and all according to the note exhibited and marked A an authenticated copy exhibited and marked B and made a part of the bill of particulars.

"And the plaintiff further states that the defendant has sold said mortgaged wheat and has placed the same beyond reach of the plaintiff, and now refused to pay plaintiff for said mortgaged property or return it unto him.

"Therefore plaintiff prayed for judgment against the defendant in the sum of $60, with interest at the rate of 10 per cent. in accordance with the note, with attorney's fee of $25 and costs of this suit.

"T. J. Ray, Plaintiff.

"Subscribed and sworn to before me this 15th day of December, 1914.

"W. S. Searcy, Justice of the Peace."

The note and mortgage mentioned in bill of particulars were attached thereto.

When the case was reached for trial judgment was entered therein as follows:

"J. T. Cook confessed judgment for amount asked, $60, according to bill of particulars filed in case. Case tried by jury. Verdict returned in favor of plaintiff in sum asked for, $60, at 10 per cent, according to note and $10 attorney fee and costs of case."

From this judgment Mr. Graves appealed to the county court, where the cause was again tried to a jury, and resulted in a verdict for the plaintiff for $60, with interest from date and $25 attorney fee.

The defense of the defendant Graves was that he never signed the promissory note sued upon by the plaintiff, and never agreed to pay said note or any part thereof.

The only assignment of error we deem it necessary to notice is as follows: The verdict of the jury herein is not responsive to the issues made by the pleadings in this cause and is contrary to the law and the evidence.

An examination of a copy of the note involved herein discloses, and the evidence also shows, that Graves never did sign the note. and that it was the personal obligation of Cook. The judgment rendered by the justice was a joint judgment upon the note against Cook and Graves, and the judgment rendered by the county court seems to be of like import. We are entirely unable to perceive any theory upon which such a judgment can be supported by either the pleadings or the proof. The bill of particulars alleges "that J. T. Cook made and delivered a note," and the prayer is for judgment in the sum of $60 "in accordance with the note." The judgment of the justice of the peace was certainly upon the note,

and, while the judgment entered by the county court is not fully set out in the briefs of counsel (the record seems to be lost), it seems to follow the allegations and prayer of the bill of particulars.

Being unable to find any allegations in the bill of particulars or any evidence taken in the trial which sustains a judgment of this character, the judgment of the court below against the defendant Graves will be reversed, and the cause remanded, with directions to grant a new trial as to him.

OWEN, C. J., and RAINEY, JOHNSON, and HARRISON, JJ., concur.